EDUARDO MARVEZ NICOLAY, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

No. 1004.—*Sometido:* Enero 14, 1935. *Resuelto:* Febrero 21, 1935.

*Dubón & Ochoteco,* abogados del peticionario; *Hon. Procurador General Benjamin J. Horton* y *T. Torres Pérez, Subprocurador,* abogados de El Pueblo de Puerto Rico, parte contraria en el pleito que motivó el *certiorari.*

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Eduardo Marvez Nicolay es el peticionario en una solicitud de *certiorari* radicada ante este tribunal. De conformidad con la solicitud expedimos el auto y los documentos originales se hallan debidamente ante nos. De los mismos se desprende que el 28 de diciembre de 1934 el peticionario acudió a la corte de distrito y radicó la siguiente petición:

"En la Corte de Distrito del Distrito Judicial de San Juan, P. R.

*Eduardo Marvez Nicolay,*                    Civil No. 21616
          Peticionario.           *Nombramiento de defensor judicial.*

MOCIÓN SOBRE APROBACIÓN DE ESCRITURA SOBRE LIQUIDACIÓN, PARTICIÓN
Y ADJUDICACIÓN DE BIENES HEREDITARIOS

"A la Hon. Corte:

"Comparece el peticionario Eduardo Marvez, por conducto de sus abogados que suscriben, y respetuosamente expone:

"1. Que doña Amparo Malea, y mientras se hallaba casada con don Eduardo Marvez, falleció el 4 de febrero de 1934, en San Juan, P. R., dejando como sus únicos y universales herederos, además de su expresado viudo, a sus legítimos hijos habidos en dicho matrimonio, José-Antonio, Eduardo-Guillermo, Flor de María, María Carmen Olga y María de Lourdes Aída Marvez Malea, de 14, 12, 10, 9 y 6 años de edad respectivamente, y quienes se hallan bajo la patria potestad, cuidado y compañía de su expresado padre en el domicilio de éste en San Juan, Puerto Rico, todo según se acredita por el Decreto Sobre Declaratoria de Herederos recaído con fecha 19 de abril de 1934, en el caso civil No. 20,782 de esta Honorable Corte de Distrito de San Juan, P. R.

"2. Que por Resolución del 21 de septiembre de 1934, y en el caso civil No. 21,616 de esta Hon. Corte de Distrito, doña Sofía Nicolay Viuda de Marvez, y en su carácter de abuela paterna de los expresados menores, fué designada defensora judicial de los mismos, y a los fines de que procediera a representar a éstos en todos los procedimientos concernientes a la sociedad de gananciales que existía entre don Eduardo Marvez y doña Amparo Malea, y así como a la partición, distribución y adjudicación de los bienes relictos al fallecimiento de ésta, con la obligación expresa dicha defensora judicial, y de acuerdo con lo preceptuado por la Ley de Procedimientos

Legales Especiales, de someter a la aprobación de este Honorable Tribunal, la partición, distribución y adjudicación de la tantas veces expresada herencia.

"3. Que dicha doña Sofía Nicolay Viuda de Marvez, actuando como tal defensora judicial de los tantas veces expresados menores, y conjuntamente con el padre de éstos, el compareciente don Eduardo Marvez Nicolay, por escritura No. 65 otorgada ante el Notario don Félix Ochoteco Jr., el 11 de octubre de 1934, procedió a la liquidación, partición y distribución de los bienes hereditarios relictos al fallecimiento de doña Amparo Malea, acompañándose a la presente solicitud, copia certificada de la ameritada escritura pública.

"4. Que de dicho documento público aparece una relación fiel y exacta de los bienes que integran la expresada herencia, valor de los mismos, bajas a deducir y las diferentes adjudicaciones hechas a los distintos herederos en pago total de sus correspondientes participaciones hereditarias, haciendo formar parte la defensoara judicial doña Sofía Nicolay vda. de Marvez, la adjunta copia certificada de escritura, de la presente solicitud, tal y como si la mencionada escritura se transcribiera ahora literalmente.

"EN MÉRITO DE TODO LO ANTERIORMENTE EXPUESTO, el compareciente, en su carácter de peticionario en este caso, suplica a este Honorable Tribunal, que con la correspondiente intervención del Ministerio Público, si así lo cree pertinente proceda a la aprobación de la mencionada escritura No. 65, otorgada ante el Notario don Félix Ochoteco Jr., el 11 de octubre de 1934, y en su consecuencia ordene la inscripción de la misma en el Registro de la Propiedad correspondiente, todo ello conforme a derecho.

San Juan, P. R., diciembre 28 de 1934."

■■ Evidentemente, si todos los herederos de doña Amparo Malea eran mayores de edad, la partición de sus bienes podía ser hecha sin intervención de la corte. Como algunos de los herederos eran menores, fué necesario que se hiciera la designación de un defensor judicial. Por tanto, la teoría del peticionario es que la solicitud interesando el nombramiento de un defensor judicial debe poner término a la necesidad de pagar honorarios ante la Corte de Distrito. Sin embargo, cuando hay menores, la ley exige no solamente que se designe un defensor judicial sino que la escritura de partición sea también aprobada por la corte. Cuando hay va-

rios herederos y algunos son menores de edad, no sólo están estos últimos interesados en que se apruebe la escritura de partición, sino que también lo están los adultos. La aprobación de la escritura de partición es la última etapa hacia la cual dirigen sus actividades todas las partes al dar algún paso ante la corte.

No podemos convenir con el peticionario en que la aprobación de la escritura de partición es incidental al nombramiento de un defensor judicial, sino todo lo contrario. El nombramiento de un defensor judicial es un incidente a la aprobación de la partición de los bienes. Conforme se dice en la petición presentada por Eduardo Marvez Nicolay, copiada supra, el secretario de la corte de distrito se negó a registrar la escritura de partición a menos que se le pagaran $5 por el procedimiento inicial tendente a que se aprobara la escritura de partición y $3 por la sentencia final que se dictara en el mismo.

El secretario de la corte de distrito y el juez de la misma, que aprobó el proceder del secretario, se basaron en parte en la actitud del Contador de Puerto Rico y en la opinión del Fiscal General en relación con la misma. El Fiscal General fué de opinión que cuando en una sucesión es necesario dar varios pasos, como, por ejemplo, la declaratoria de herederos, el nombramiento de un defensor judicial y la aprobación de la escritura de partición, cada uno de ellos era un procedimiento independiente y que de acuerdo con la ley de marzo 11 de 1915, sección 2, el pago del arancel era necesario; que cada una de estas actuaciones debía tratarse como un expediente separado, y exigían que el secretario solicitara el pago de derechos. El Fiscal General cita jurisprudencia al efecto de que cada una de dichas actuaciones podía ser considerada como un procedimiento voluntario, y estamos de acuerdo.

Tomemos otro ejemplo, o sea cuando hay varios herederos mayores de edad y varios menores de edad, de padres diferentes. Cada uno de los herederos menores de edad debe solicitar que se le nombre un defensor judicial y enton-

ces es algo más aparente que la aprobación de la escritura de partición no es incidental al nombramiento del defensor judicial, sino que todas las órdenes preliminares son medidas incidentales a la sentencia final, es decir, a la aprobación de la escritura de partición.

De igual modo, al presentarse objeción podría surgir una contienda litigiosa, que deberá ser resuelta por la corte, respecto a si determinada persona debe ser nombrada defensor judicial o sobre cuál de varias personas tiene preferencia.

*Por tanto, debe anularse el auto expedido.*

El Juez Asociado Señor Aldrey no intervino.