Román Díaz Collazo y Antonio Maisonet, peticionarios, *v.* Corte de Distrito de San Juan, Hon. C. Llauger Díaz, Juez, demandada.

No. 1057.—*Sometido:* Enero 25, 1936. *Resuelto:* Marzo 31, 1936.

*F. Soto Gras y R. Díaz Collazo,* abogados de los peticionarios; *Hon. Procurador General B. Fernández García, R. Cordovés Arana,* Procurador General Auxiliar *y Hernán R. Franco, Subprocurador,* abogados de la demandada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los albaceas designados en un testamento solicitaron y obtuvieron cartas testamentarias en la forma provista por el artículo 597 del Código de Enjuiciamiento Civil (edición de 1933). Más tarde estos albaceas acudieron en solicitud de una administración de los bienes de la herencia. Al solicitar las cartas testamentarias, los albaceas pagaron el derecho de $5 prescrito por el inciso (I) de la sección 2 de la ley aprobada el 11 de marzo de 1915. (Apéndice al Código de Enjuiciamiento Civil, edición de 1933, págs. 294 y 296.) Al acudir en solicitud de un administrador judicial se negaron a pagar otros $5 en la teoría de que la petición para que se designara tal administrador no era un procedimiento independiente sino meramente otro paso en el mismo procedimiento testamentario ya iniciado al librarse las cartas testa-

mentarias. El secretario se negó a radicar la petición en que se solicitaba el nombramiento de un administrador sin el pago de $5 adicionales, y el juez de distrito rehusó ordenar la radicación de la petición sin tal pago. Los autos de los procedimientos habidos en la corte de distrito se hallan ahora ante nos por *certiorari.*

Tiene mucho peso el argumento de que la solicitud de cartas testamentarias y la petición para que se designe un administrador judicial fueron únicamente pasos sucesivos en un solo procedimiento de "jurisdicción voluntaria" y que por esta razón no debe exigirse a los peticionarios que paguen un derecho adicional de $5 por radicar su segunda petición. En *Márvez* v. *Corte de Distrito,* 48 D.P.R. 157, se decidió una cuestión similar adversamente a la contención de los aquí peticionarios. Es cierto que los hechos y la cuestión resuelta en el caso de Márvez no eran idénticos a los hechos y a la cuestión que ahora pende ante nos. No obstante, el *ratio decidendi* de la decisión en el caso de Márvez es aplicable *a fortiori* a los hechos del presente. Aunque podría decirse mucho sobre ambos lados de la cuestión, no estamos preparados para repudiar la doctrina del caso de Márvez.

*Debe anularse el auto expedido.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.